IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUTH APPLE,

      Plaintiff,                                No. CIV S-09-1605 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                          ORDER

                                        /

          Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees in the amount of $14,906.82[1] based on 86.55 hours of attorney time and an hourly rate of $172.24. Defendant does not contest that plaintiff is entitled to an award of fees under EAJA but contends that the amount of hours plaintiff claims is unreasonable.

          The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).

---

[1] Plaintiff's opening brief sets forth a requested amount of $14,921.27 but the amount itemized in the exhibit of attorney hours equals $14,906.82.

1

Defendant contends that the hours expended by plaintiff's counsel are unreasonable. Specifically, defendant argues plaintiff should not be compensated for 2.25 hours of attorney time spent before the action was filed, that the amount of time spent summarizing the medical evidence and testimony is unreasonable and that an undue amount of time was spent on drafting the arguments. With respect to defendant's first argument, the brief amount of time spent in reviewing the action, meeting with the client and drafting the complaint is analogous to time spent in related administrative proceedings, in that it is "so intimately connected with judicial proceedings as to be considered part of the 'civil action' for purposes of a fee award." See Sullivan v. Hudson, 490 U.S. 877, 892 (1989).

In reviewing the unusually lengthy 939 page transcript, plaintiff's briefing on the motion for summary judgment and the ALJ's fully favorable decision on remand, the court has determined the hours claimed are unreasonable only with respect to the time spent summarizing the medical record. The court notes counsel did not represent plaintiff at the administrative level and thus was not familiar with plaintiff's psychological and physical impairments. In addition, the court's scheduling order required plaintiff to set forth a summary of the medical evidence in the brief in support of the motion for summary judgment. However, even with these considerations, the court finds the time spent on this task to be excessive. The court will therefore reduce by ten hours the number of hours to be compensated for summarizing the medical evidence.

The remainder of the time claimed by counsel is reasonable given the complexity of the psychological and physical medical evidence. The time devoted to the arguments raised in the briefing is reasonable and these arguments appear to have been persuasive on remand. Calculating at the hourly rate of $172.24 claimed by counsel, plaintiff will be compensated for 76.55 for a total amount of $13,184.97. The EAJA award must be made to plaintiff, and not to counsel. See Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521 (2010).

/////

1    Accordingly, IT IS HEREBY ORDERED that fees pursuant to the EAJA are
2 awarded to plaintiff in the amount of $13,184.97.
3 DATED: December 18, 2010.

_____
U.S. MAGISTRATE JUDGE

006
apple.fee

3